**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOHN ROWLAND, et. al,

                                Plaintiffs,

       v.

WILLIAM MONTGOMERY, III,

                              Defendant.

No. 1:25-CV-1035
(BKS/PJE)

---

**APPEARANCES:**

John Rowland
25-R-1918
Mohawk Correctional Facility
P.O. Box 8451
Rome, New York 13440
Plaintiff pro se

Curtis Dijon Fisher
25-R-1916
Mohawk Correctional Facility
P.O. Box 8451
Rome, New York 13440
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

I. **In Forma Pauperis**

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

Plaintiffs pro se John Rowland ("Rowland") and Curtis Dijon Fisher ("Fisher") (collectively "plaintiffs") commenced this action on August 4, 2025, by filing a complaint. [2] *See* Dkt. No. 1. In lieu of paying this Court's filing fee, plaintiffs submitted applications for leave to proceed in forma pauperis ("IFP").[3] *See* Dkt. Nos. 2, 5. The undersigned has reviewed plaintiffs' IFP applications and determines that they financially qualify to proceed IFP.[4] This Court must now assess the merits of plaintiffs' complaint pursuant to 28 U.S.C. §§ 1915; 1915A.

## II. Initial Review

## A. Legal Standards

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Generally, where the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they

---

[2] The undersigned notes that Rowland and Fisher have each filed two other actions with this Court. *See Fisher v. Prime Care Medical Inc., et. al.,* 9:25-CV-0815 (AMN/TWD) (terminated Oct. 29, 2025); *Fisher v. Glenns Falls Hospital, et al.,* 1:25-CV-0831 (AJB/DJS) (terminated Oct. 7, 2025); *Rowland v. Fergusen, et al.,* 9:25-CV-0854 (AMN/TWD) (terminated Dec. 10, 2025); *Rowland v. Ferguson, et al.*, 1:25-CV-1150 (AJB/TWD) (terminated Dec. 16, 2025).

[3] An IFP application was also filed by Kaden Colvin ("Colvin"), however Colvin is not a party to this action and as will be explained below, Colvin is precluded from joining the proposed class of plaintiffs. *See* Dkt. No. 7; *see also infra* at 14-15.

[4] Plaintiffs are advised that although they have been granted IFP status, they are still required to pay any fees and costs they may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

2

suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted). The Second Circuit affords pro se litigants a "special solicitude" such "that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted). However, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"[P]ro se pleadings still must comply with . . . the Federal Rules of Civil Procedure."[5] *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).[6] Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being

---

[5] Hereinafter, "Fed. R. Civ. P."
[6] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiffs.

asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction . . .  and . . . a demand for the relief sought . . . ."  FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  FED. R. CIV. P. 8(d).

"If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint."  *Rich v. Akwesasne Mohawk Casino Resort*, No. 8:24-CV-255 (AMN/CFH), 2024 WL 3677262, at *2 (N.D.N.Y. Aug. 6, 2024), *report and recommendation adopted,* No. 8:24-CV-255 (AMN/PJE), 2025 WL 286937 (N.D.N.Y. Jan. 24, 2025) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995)).  "However, an opportunity to amend is not required where 'the problem with [the plaintiff's] causes of action is substantive' such that 'better pleading will not cure it.'"  *Id*. (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

### III.  Discussion

### A.  Plaintiffs' Complaint[7]

Plaintiffs' complaint alleges that they were represented by William Montgomery, III, Attorney at Law ("Montgomery") in an unspecified criminal matter and that Montgomery

---

[7] Plaintiffs include two attachments with their complaint.  *See* Dkt. Nos. 1-1, 1-2.  These attachments have also been reviewed in connection with the initial review of plaintiffs' complaint.  *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint.") (internal quotation marks and citations omitted).

failed to sufficiently "fight[]" for their rights . . . intrest (sic), and . . . innocents (sic)." Dkt. No. 1 at 4. Plaintiffs claim that Montgomery was "being shiesty and did not do his job at all" and violated their constitutional rights. *Id*. Plaintiffs assert that Montgomery "took [their] money," refused to refund any of the attorney fees, "violated [their] contracts at his dudiligence (sic)," failed to file motions with the Court on their behalf, "threatened [them] to take plea deals" resulting in a "prison term," "did under bare minimum work," and "said he would make it so it [would] look like he put a ton of hours in and bill [them] more." *Id*. Plaintiffs further allege that Montgomery "worked with the prosecutor," "worked for the prosecutor and not his clients," and refused to advocate for them to be entered into a drug treatment program. *Id*. at 4-5. Plaintiffs seek monetary damages of $4,000,000 and class certification for all of Montgomery's clients and anyone who was also harmed by his conduct. *See id*. at 5; Dkt. No. 1-1.

## B. **Analysis**[8]

Plaintiffs seek to proceed pursuant to 42 U.S.C. § 1983 against Montgomery, alleging that their First, Fourth, Fifth, Sixth, Eighth, Tenth, and Fourteenth Amendment rights were violated. *See generally* Dkt. No. 1; *see also Triestman*, 470 F.3d at 475 ("This policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important

---

[8] Plaintiffs' civil cover sheet checks the box indicating "U.S. Government" as the basis of jurisdiction. *See* Dkt. No. 1-1. However, the United States Government is not a party to this action. *See generally* Dkt. No. 1. Reading plaintiffs' complaint liberally and affording them due solicitude, it appears plaintiffs likely intended to mean that her claims involve federal question jurisdiction. *See generally Cinotti v. Adelman*, 709 F. App'x 39, 40 (2d Cir. 2017) (summary order) ("[A]lthough [the plaintiff's] pro se complaint does not refer to 42 U.S.C. § 1983, the district court should have construed it liberally as asserting § 1983 claims, which provide a basis for federal question jurisdiction.").

rights because of their lack of legal training.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Plaintiffs also seek to commence a class action. *See* Dkt. No. 1 at 5.

### 1. State Action

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Gerken v. Gordon*, No. 1:24-CV-435 (MAD/CFH), 2024 WL 4608307, at *11 (N.D.N.Y. Oct. 29, 2024), *report and recommendation adopted,* No. 1:24-CV-435 (MAD/CFH), 2024 WL 5001402 (N.D.N.Y. Dec. 6, 2024) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[ ] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (quoting *West*, 487 U.S. at 49) (internal quotation marks and citation omitted)). "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under § 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Id.* (quoting *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotations omitted) (quoting *United States v. Int'l Brotherhood of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991)); *see Baum v. N. Dutchess Hosp.*, 764 F. Supp. 2d 410, 419 (N.D.N.Y. 2011) ("State action is an essential element of any § 1983 claim.") (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 934 (1982) (explaining that the "under color of any statute" language is to enforce the provisions of the Fourteenth Amendment and that if a defendant's conduct satisfies the state-action requirement then that conduct is also action under color

of state law under § 1983), and *Rounseville v. Zahl*, 13 F.3d 625, 627-28 (2d Cir. 1994) (noting the state action requirement for § 1983)).

"Private parties generally are not state actors and therefore are not usually liable under [§] 1983." *Gerken*, 2024 WL 4608307, at *11 (quoting *Yi Sun v. Saslovsky*, No. 1:19-CV-10858 (LTS), 2020 WL 6828666, at *7 (S.D.N.Y. Aug. 6, 2020) (citing *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013)); *see Basile v. Connolly*, 538 F. App'x 5, 7 (2d Cir. 2013) (summary order) ("[P]rivate individuals . . . cannot be sued under 42 U.S.C. § 1983 absent a plausible allegation that they acted under color of state law."). "A private party's actions can be considered state action in three situations":

> (1) the private party acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the private party willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the private party (the "public function" test).

*Id*. (quoting *Rogers v. City of New Rochelle*, No. 1:19-CV-0479 (CM), 2019 WL 5538031, at *2 (S.D.N.Y. Oct. 25, 2019) (quoting *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)). "The fundamental question under each test is whether the private party's challenged actions are 'fairly attributable' to the State." *Id.* (quoting *Rogers*, 2019 WL 5538031, at *2 (quoting *Fabrikant*, 691 F.3d at 207)). "[A] State normally can be held responsible for a private decision . . . when it has . . . provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id*. (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (citations omitted). The State's "[m]ere approval of or acquiescence in the initiatives of a private party[, however,] is not sufficient to justify holding the State responsible for those initiatives . . . ." *Id.* (quoting *Blum,* 457 U.S. at 1004-05).

"Private attorneys, whether court appointed or privately retained, are generally not liable under § 1983." *Strong v. New York*, No. 1:19-CV-63 (MAD/CFH), 2019 WL 1763010, at *6 (N.D.N.Y. Apr. 22, 2019), *report and recommendation adopted,* No. 1:19-CV-63 (MAD/CFH), 2019 WL 2723372 (N.D.N.Y. July 1, 2019) (quoting *Kunz v. Brazill*, No. 6:14-CV-1471 (MAD), 2015 WL 792096, at *7 (N.D.N.Y. Feb. 25, 2015) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997); *Rowland v. Ferguson*, No. 1:25-CV-1150 (AJB/TWD), 2025 WL 2960153, at *3 (N.D.N.Y. Oct. 20, 2025), *report and recommendation adopted,* No. 1:25-CV-1150 (AJB/TWD), 2025 WL 3127187 (N.D.N.Y. Nov. 7, 2025) (citing *Shorter v. Rice*, No. 12-CV-0111 (JFB)(ETB), 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid Attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position."); *Gammons v. Cody, et al.*, No. 1:25-CV-1714 (AJB/DJS), 2026 WL 500625, at *2 (N.D.N.Y. Feb. 4, 2026), *report and recommendation adopted sub nom. Gammons v. Cody*, No. 1:25-CV-1714 (AJB/DJS), 2026 WL 498720 (N.D.N.Y. Feb. 23, 2026) (citing *Alexander v. Murphy*, 2018 WL 3232349, at *5 (TJM/TWD) (N.D.N.Y. July 2, 2018), *report and recommendation adopted*, 2018 WL 6000145 (N.D.N.Y. Nov. 14, 2018) (noting that private attorneys are not state actors)); *Myers v. People of the State of New York*, No. 14-CV-1492 (LEK/CFH), 2015 WL 10015296, at *3 (N.D.N.Y. Jan. 8, 2015) (citing *Wiggins v. Buffalo Police Dep't,* 320 F.Supp. 2d 53, 55-56 (W.D.N. Y.2004) ("It is well-established that criminal defense attorneys . . . are not state actors for purposes of the state action requirement of § 1983.").

Here, it appears that Montgomery was plaintiffs' private attorney in an unspecified criminal proceeding(s). *See* Dkt. No. 1 at 4-5. Affording plaintiffs due solicitude, they

appear to assert claims against Montgomery alleging legal malpractice and ineffective assistance of counsel.[9]  *See generally* Dkt. No. 1.  Plaintiffs' complaint also alleges that Montgomery threatened them with a prison term and subjected them to medical neglect, medical malpractice, cruel and unusual punishment, inhumane treatment, pain and suffering, and that Montgomery intentionally inflicted emotional distress upon them.  *See* Dkt. No. 5.  Yet, plaintiffs do not provide any additional facts or details supporting these accusations or connect any of these purported accusations to Montgomery acting under the color of state law.  *See* FED. R. CIV. P. 8(a); *Strong*, 2019 WL 1763010, at *6; *Rowland*, 2025 WL 2960153, at *3.

As plaintiffs' complaint fails to allege any facts suggesting that Montgomery was acting under the color of state law and because it appears that Montgomery was performing the traditional functions as legal counsel to a defendant when the alleged violation(s) took place, he cannot be held "liable under § 1983."  *Strong*, 2019 WL 1763010, at *6; *O'Donoghue v. United States Soc. Sec. Admin.*, 828 F. App'x 784, 787 (2d Cir. 2020) (summary order) ("Private attorneys are generally not 'state actors' for purposes of § 1983.") (additional citation omitted); *Davis v. Ennis*, No. 23-CV-4859 (GRB)(ARL), 2023 WL 6385336, at *5 (E.D.N.Y. Sept. 29, 2023) (quoting *Rodriguez*, 116 F.3d at 66) ("Here, as is readily apparent, Plaintiff's sparse allegations do not allege that Berger or Silberg acted outside 'a lawyer's traditional functions as counsel' nor does he allege any basis from which the Court could reasonably construe that these defendants

---

[9] The undersigned notes that Rowland was previously advised in one of his other actions that "allegations of malpractice and/or ineffective assistance of counsel do not satisfy the state actor requirement."  *Rowland v. Fergusen, et al.*, 9:25-CV-0854 (AMN/TWD) Dkt. No. 8 at *9 (citing *Welch v. Schenectady Cnty.*, No. 1:22-CV-9 (DNH/DJS), 2022 WL 3904113, at *2 (N.D.N.Y. Aug. 10, 2022) (quoting *Murphy v. Feliciano*, No. 17-CV-269, 2017 WL 3699353, at *7 (VLB) (D. Conn. May 31, 2017), *report and recommendation adopted by* 2022 WL 3908798 (N.D.N.Y. Aug. 30, 2022), *appeal dismissed* (July 10, 2023) ("[A] section 1983 action 'is not the appropriate vehicle to raise a claim of ineffective assistance of counsel.'"))).

engaged in any 'concerted action' with a state actor."); *Charlotten v. Heid*, No. 09-CV-0891 (LEK/RFT), 2011 WL 3423826, at *10 (N.D.N.Y. Aug. 4, 2011) (additional citation omitted) ("In their respective roles in persuading Plaintiff to plead guilty and in representing him at his sentencing hearing, Defendants Muia and Castillo were performing traditional functions of counsel for Plaintiff, and therefore cannot be deemed 'state actors' under § 1983."); *see also Gerken*, 2024 WL 4608307, at *11.[10]

Accordingly, the undersigned recommends dismissing plaintiffs' complaint with prejudice and without opportunity to amend because Montgomery, as plaintiffs' private counsel, is not a state actor, and plaintiffs' complaint does not suggest any conduct "fairly attributable to the state." *Rich*, 2024 WL 3677262, at *2 (quoting *Cuoco*, 222 F.3d at 112); *Gerken*, 2024 WL 4608307, at *11; *Triestman*, 470 F.3d at 477 ("[O]ur cases have also indicated that we cannot read into *pro se* submissions claims that are not consistent with the *pro se* litigant's allegations, or arguments that the submissions themselves do not suggest.") (internal citations and quotation marks omitted).  Further, an opportunity for amendment is unwarranted because, as will be discussed below, plaintiffs' claims are also barred by *Heck v. Humphrey*.

## 2. *Heck* Preclusion

Assuming Montgomery represented plaintiffs in a criminal proceeding,[11] plaintiffs' complaint is also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  "A civil lawsuit may

---

[10] Although it is possible to demonstrate state action under § 1983 through a defendant's participation in a conspiracy, "[t]here is no indication in the complaint that [Montgomery was a] . . . 'willful participant in joint activity with the State or its agents,' as is required in order for the Court to find that a private party has engaged in state action."[10] *Strong*, 2019 WL 1763010, at *7 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

[11] If defendant represented plaintiffs in a civil proceeding as retained counsel, plaintiffs' claim would amount to, at most, legal malpractice, which is not cognizable under § 1983.  *See Ali v. Shattuck*, No. 8:24-CV-0128 (DNH/CFH), 2024 WL 2747619, at *6 (N.D.N.Y. May 29, 2024), *report and recommendation adopted sub nom. Ali v. Dow,* No. 8:24-CV-128, 2024 WL 3460745 (N.D.N.Y. July 18, 2024).

not be used to collaterally attack an existing criminal conviction." *Barzee v. Tyler*, No. 8:21-CV-902 (GTS/CFH), 2022 WL 1406606, at *10 (N.D.N.Y. May 3, 2022), *report and recommendation adopted,* No. 8:21-CV-902 (GTS/CFH), 2022 WL 2079084 (N.D.N.Y. June 9, 2022) (citing *Heck*, 512 U.S. at 484-86).

> In *Heck*, the Supreme Court of the United States held that a Section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate an extant criminal conviction unless "the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus."

*Id*. (quoting *Heck*, 512 U.S. at 486-87). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487.

Here, plaintiffs have failed to demonstrate that any criminal "conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Barzee*, 2022 WL 1406606, at *10 (quoting *Heck*, 512 U.S. at 486-87); *Brown v. Budelmann*, No. 5:23-CV-0002 (MAD/TWD), 2023 WL 4144999, at *2 (N.D.N.Y. June 23, 2023) (citing *Heck*, 512 U.S. at 487) ("The Supreme Court identified four methods for finding a conviction has been invalidated: (1) the conviction has been reversed on direct appeal, (2) an executive order expunged the conviction, (3) a federal court issued a habeas corpus petition, or (4) an authorized state tribunal declared the conviction invalid.").

Among the many claims raised in plaintiffs' complaint, plaintiffs' allege that their First, Fourth, Fifth, Sixth, and Eighth Amendment rights were violated. *See generally* Dkt. No. 1. As a finding in plaintiffs' favor on such § 1983 claims "would necessarily imply the

invalidity of [a] conviction . . . the complaint must be dismissed" pursuant to *Heck*. *Kirby v. Abraham*, No. 5:24-CV-0522 (BKS/TWD), 2025 WL 1610582, at *6 (N.D.N.Y. Mar. 25, 2025), *report and recommendation adopted sub nom. Kirby v. Syracuse Police Dep't,* No. 5:24-CV-522 (BKS/TWD), 2025 WL 1257458 (N.D.N.Y. May 1, 2025); *Perry v. City of Albany*, No. 8:20-CV-0165 (GTS/DJS), 2020 WL 3405636, at *4 (N.D.N.Y. May 6, 2020), *report and recommendation adopted,* No. 8:20-CV-0165 (GTS/DJS), 2020 WL 3403080 (N.D.N.Y. June 19, 2020) ("A claim for damages bearing [a] relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."); *Cato v. Bleakley*, No. 20-CV-7087 (EAW), 2021 WL 4595427, at *4 (W.D.N.Y. Oct. 6, 2021) (quoting *Heck*, 512 U.S. at 490) ("[I]n order to recover damages under Section 1983 for harm 'attributable to an unconstitutional conviction or sentencing[,]' the conviction or sentence must first be invalidated. Where the claim has not first been invalidated, the cause of action under Section 1983 is not cognizable because it has not yet accrued.").[12]

Plaintiffs do not suggest any such favorable termination. Rather, plaintiffs state that, as of the time they filed the complaint, they were prisoners "awaiting sentencing." Dkt. No. 1 at 2. Further, the New York State Department of Corrections and Community Supervision incarcerated lookup website suggests that that sentencing has since

---

[12] "The undersigned recognizes that claims that are determined to be barred by *Heck* are dismissed without prejudice." *Cole v. Smrtic*, No. 1:24-CV-847 (MAD/CFH), 2024 WL 4870495, at *5, n.7 (N.D.N.Y. Nov. 21, 2024), *report and recommendation adopted,* No. 1:24-CV-847 (MAD/PJE), 2025 WL 247901 (N.D.N.Y. Jan. 21, 2025). However, the undersigned is recommending dismissal of plaintiffs' § 1983 claims *with prejudice* not because of *Heck* preclusion, because of plaintiffs' failure to demonstrate that defendant is a state actor acting under color of state law. Thus, even if, at some point, plaintiffs could overcome the *Heck* bar, amendment would be futile because defendant is not a state actor acting under color of state law and there is absolutely nothing to suggest a conspiracy with state actors. "The undersigned has included the *Heck* review for sake of completeness." *Id*. However, should the District Judge disagree, and wish to dismiss on the basis of *Heck*, it is alternatively recommended that this complaint be dismissed without prejudice but without opportunity to amend in this action. *See id*.

occurred as it indicates that Rowland[13] and Fisher[14] are incarcerated, starting in August 2025, serving a minimum of five-year, one month and four-year, eight-month sentences, respectively.[15]  Thus, as it appears plaintiffs have been convicted of a crime, and that their convictions have not been favorably terminated, their section 1983 claims are barred by *Heck*.   *Heck*, 512 U.S. at 486-87 (The Supreme Court adopted what is known as the "favorable termination rule," holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

### 3.  **Class Action**

Plaintiffs' complaint seeks to commence a class action and to certify a class to include all of Montgomery's former clients and "anyone this man has harmed and not done his job properly and caused injury."  Dkt. No. 1 at 5.  However, it "is well-settled law that a class action cannot be maintained by a pro se litigant because a non-attorney cannot represent someone other than themselves."  *Cox v. New York State*, No. 1:23-CV-0060 (MAD/CFH), 2023 WL 2770368, at *5 (N.D.N.Y. Apr. 4, 2023), *report and*

---

[13] New York State Department of Corrections and Community Supervision, "Find an Offender Incarcerated Lookup," "Rowland, John N." https://nysdoccslookup.doccs.ny.gov/ (last visited Apr. 22, 2026).

[14] New York State Department of Corrections and Community Supervision, "Find an Offender Incarcerated Lookup," "Fisher, Curtis D." https://nysdoccslookup.doccs.ny.gov/ (last visited Apr. 22, 2026).

[15] "The Court obtained Plaintiff[s'] transfer date from the inmate lookup service on the official website of the New York State Department of Corrections and Community Supervision ("DOCCS") using Plaintiff[s'] Identification Number[s], [Rowland: 25R1918; Fisher: 25R1916].  'Courts in this district have taken judicial notice of information obtained from online inmate tracking services.'"  *Jackson v. Sullivan Cnty.*, No. 16 CIV. 3673 (JCM), 2018 WL 1582506, at *5, n.8 (S.D.N.Y. Mar. 27, 2018) (quoting *Narvaez v. City of New York*, No. 16 Civ. 1980 (GBD), 2017 WL 1535386, at *5 n.6 (S.D.N.Y. Apr. 17, 2017) (quoting *Tavares v. New York City Health & Hosps. Corp.*, No. 13-CV-3148 (PKC/MHD), 2015 WL 158863, at *3 (S.D.N.Y. Jan. 13, 2015))).

*recommendation adopted,* No. 1:23-CV-0060 (MAD/CFH), 2023 WL 6862505 (N.D.N.Y. Oct. 18, 2023) (citing *Miller v. Zerillo*, No. 07-CV-1719 (JS)(WDW), 2007 WL 4898361, at *1 (E.D.N.Y. Nov. 2, 2007) (additional citations omitted); *Sitts v. Weaver*, No. 9:20-CV-1474 (GTS/DJS), 2021 WL 51411, at *4 (N.D.N.Y. Jan. 6, 2021) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (same).

Here, plaintiffs have not demonstrated that they are licensed and admitted attorneys. *See generally* Dkt. No. 1. "Moreover, to the extent plaintiff[s'] comment can be interpreted as a request for class certification . . . such a request is also denied because it was not made through a proper motion and does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Cox*, 2023 WL 2770368, at *5. "Thus, to the extent plaintiff[s'] complaint seeks to allege that any wrongs were imposed on any persons other than [themselves], because [they] cannot proceed as a class action at this time, such claims will be interpreted only insofar as they impact plaintiff[s], individually." *Id*.; *Sitts*, 2021 WL 51411, at *4 ("Until such time as a motion seeking certification of the class has been filed demonstrating that the requirements of Rule 23 . . . have been satisfied, the complaint shall be considered as an action brought jointly by plaintiffs in their individual capacities under Rule 20."). Accordingly, "to the extent plaintiff[s'] complaint can be read as seeking class certification," the undersigned recommends this request be denied. *Id*.

## IV. **Leave to Amend**

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gerken*, 2024 WL 4608307, at *15 (quoting *Nielsen*

*v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation and internal quotation marks omitted)). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Id.* (quoting *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco*, 222 F.3d at 112). Here, it is recommended that plaintiffs' claims be dismissed with prejudice and without opportunity to amend because (1) Montgomery is not a state actor, (2) plaintiffs have not demonstrated that Montgomery's conduct is "fairly attributable to the state[,]" and (3) nothing in the complaint at all suggests a conspiracy with state actors. *Gerken*, 2024 WL 4608307, at *11; *Strong*, 2019 WL 1763010, at *7; *Cole*, 2024 WL 4870495, at *5. It is not recommended that plaintiffs be given an opportunity to amend in this action to allege such conduct as any amendment would be futile because plaintiffs' claims are also barred by *Heck* and plaintiffs have not shown favorable termination.

## V. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiffs' application to proceed in forma pauperis (Dkt. Nos. 2, 5) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiffs' complaint (Dkt. No. 1) be **DISMISSED with prejudice and without opportunity to amend** for failure to state a claim; and it is further

**RECOMMENDED**, that, *in the alternative*, should the District Judge disagree with the undersigned's above recommendation, the matter be dismissed without opportunity to amend in this action but without prejudice to proceeding on such claims in the future

15

should plaintiffs be able to demonstratefavorable termination of their criminal convictions;[16] and it is further

**RECOMMENDED**, that plaintiffs' request for class certification (Dkt. No. 1), be **DISMISSED without prejudice**; it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiffs in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiffs have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[17]

Dated:  April 28, 2026
           Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

---

[16] *See generally Bannister v. Perilli*, No. 1:24-CV-183 (ECC/PJE), 2025 WL 1266657, at *5 (N.D.N.Y. May 1, 2025*), report and recommendation adopted as modified sub nom. Bannister, v. Perilli, et al.*, No. 1:24-CV-183 (ECC/PJE), 2025 WL 2912660 (N.D.N.Y. Oct. 14, 2025) (holding claims barred by *Heck* to be dismissed without prejudice but without leave to amend in that action because the plaintiff had not demonstrated a favorable termination of his criminal conviction).

[17] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).